[No. 8,977. Department Two.—February 8, 1884.]

GEORGE H. SANDERSON, APPELLANT v. J. W. McINTOSH ET AL., RESPONDENTS.

INSOLVENCY—ASSIGNEE—EQUITY JURISDICTION.—A court of equity has jurisdiction to compel an assignee in insolvency to execute his trust, and account for the property assigned to him. The remedy afforded creditors under the law regulating insolvency proceedings is not exclusive.

APPEAL from a judgment of the Superior Court of the county of Butte.

McIntosh, an insolvent debtor, made an assignment of his property to one Burroughs, in trust, for the satisfaction of his creditors under the provisions of title 3, part 2, of the Civil Code. Burroughs accepted the trust and received an assignment of the property. This suit was brought by the appellant, who was assignee of certain creditors of McIntosh, to compel an accounting by the trustee, and an execution of the trust. The other facts appear in the opinion of the court.

*Fuller & Howser,* for Appellants.

*Park Henshaw,* for Respondent.

MYRICK, J.—This action was brought to compel an assignee in insolvency to perform his trust and account for the property assigned. The court below gave judgment of nonsuit on the ground that the plaintiff had mistaken his remedy. We are of opinion that the remedy afforded creditors under the law regulating insolvency proceedings is not exclusive, but that courts of equity have jurisdiction.

Judgment reversed and cause remanded for a new trial.

THORNTON, J., and SHARPSTEIN, J., concurred.