[L. A. No. 3888.    In Bank.—February 8, 1915.]

JOHN HANLON, Petitioner, v. JOHN M. ESHLEMAN et al., as Members of and Constituting the Railroad Commission of the State of California, Respondents.

RAILROAD COMMISSION—PUBLIC UTILITY PROPERTY—POWER OF COMMISSION IN RESPECT TO TRANSFER IS MERELY PERMISSIVE.—The power which the railroad commission has, under section 51a of the Public Utilities Act, providing that "no railroad corporation . . . or water corporation shall henceforth sell, lease, assign, mortgage, or otherwise dispose of or encumber the whole or any part of its railroad, street railroad, line, plant or system, necessary or useful in the performance of its duties to the public . . . without having first secured from the commission an order authorizing it so to do," is merely permissive, and the application for the authorization should be made by the owner of the public utility property, because the authority must run to such owner.

ID.—EXERCISE OF POWER BY COMMISSION—RIGHTS OF PARTIES TO CONTRACT OF SALE NOT WITHIN JURISDICTION OF COMMISSION.—The commission's power is to be exercised for the protection of the rights of the public interested in the service, and to that end alone. All that it is concerned with is whether a proposed transfer will be injurious to the rights of the public. If not, the owner may be authorized to make the transfer. With the rights of an intending purchaser the commission has nothing to do, nor has it power to determine whether a valid contract of sale exists, or whether either party has a legal claim against the other under such contract. These are questions for the courts. If the owner does not desire to sell, or if, having contracted to sell, he refuses to comply with his contract, the commission cannot force him to sell, or to carry out his contract.

ID.—PETITION BY OWNER FOR AUTHORITY TO SELL—SUBSEQUENT INCONSISTENT PETITION FOR SALE TO DIFFERENT PURCHASER.—Where the owner of public utility property, having made an executory contract for its sale to a private person, filed a petition before the railroad commission setting forth the contract, and praying for such order as the commission should deem for the best public interest, and thereafter, and while the matter was still before the commission, filed a second petition in which he asked authority to sell a portion of the property to a municipality, and took the position that the prior sale should not, in the public interest, be approved, the commission properly declined to pass upon the propriety of the prior sale, as the owner, being the only person having the right to invoke the action of the commission in that behalf, declined to invoke it.

APPLICATION for a Writ of Mandate directed to the Railroad Commission of the State of California.

The facts are stated in the opinion of the court.

Gurney E. Newlin, Roy V. Reppy, T. C. Gould, and W. B. Matthews, for Petitioner.

Max Thelen, and Douglas Brookman, for Respondents.

SLOSS, J.—This is an original proceeding in *mandamus*, brought for the purpose of compelling the railroad commission to pass upon an application that permission be granted to P. T. Durfy, the owner of a water system in Los Angeles County, to sell such system to Hanlon, the petitioner, on terms and conditions stated in a contract beween Durfy and Hanlon. An alternative writ was issued, and the railroad commission made its return thereto. There is no substantial dispute about the facts.

The power which the commission should, as is claimed, have exercised is that given by section 51a of the Public Utilities Act, providing that ''no railroad corporation . . . or water corporation shall henceforth sell, lease, assign, mortgage or otherwise dispose of or encumber the whole or any part of its railroad, street railroad, line, plant or system, necessary or useful in the performance of its duties to the public . . . without having first secured from the commission an order authorizing it so to do.''

Durfy was the owner of a water system, known as the Sherman Water Works, and was supplying water for domestic purposes to inhabitants of the town of Sherman and vicinity. He also owned about one hundred and ninety acres of land, in Sherman and in Franklin cañon, some of which was used for furnishing water to the water system. In March, 1913, Durfy entered into a contract with Hanlon for the sale by the former to the latter of the said water system and land. The contract was made before the public utilities act took effect, but it was evidently entered into in contemplation of that act, since it provides for a transfer of possession upon compliance with certain conditions, including ''permission for transfer from railroad commission.'' Thereafter the city of Los Angeles sought to acquire a part of Durfy's lands for a reservoir site and right of way to be used in connection with the city's aqueduct project, then in course of construction.

In October, 1913, Hanlon filed with the commission a petition, setting forth his contract with Durfy, and praying for an order authorizing the sale of the water system by Durfy and its purchase by him. This proceeding was designated on the files of the commission as number 941. Before it had been disposed of, Durfy filed a petition, the proceeding upon which became number 942. Durfy's petition also set forth the contract with Hanlon. It then alleged that the city of Los Angeles desired to acquire Durfy's lands to complete its waterworks; that the Hanlon contract was contrary to the public interest; that it would be for the public interest if a sale to the city was authorized; and that the applicant would sell to Hanlon pursuant to his contract, if the commission should determine that course to be for the best public interest. The prayer of the petition was for such order "as shall be deemed by this commission for the best public interest in the premises."

Both proceedings were heard together. Before a decision had been reached, Durfy filed another petition in No. 942, alleging that he had executed a deed conveying to the city of Los Angeles a portion of his lands necessary for the location of reservoirs and conduits for the Los Angeles aqueduct, and praying for an order approving said conveyance. The commission dismissed the Hanlon application (No. 941) and, in the other proceeding (No. 942), authorized Durfy to sell to the city of Los Angeles the property described in his deed to the city.

The present proceeding seeks to compel the commission to pass upon the application for authority to consummate the sale from Durfy to Hanlon pursuant to the contract between them.

The theory upon which the commission declined to act in proceeding No. 941, by either granting or refusing permission to carry out the Hanlon contract, was that the action of the commission, under section 51a, is merely permissive, and that "the application should be made by the owner of the public utility property, because the authority must run to such owner." This view, we think, is the correct one. The commission's power is to be exercised for the protection of the rights of the public interested in the service, and to that end alone. The sales, leases, or encumbrances affected by section 51a are dispositions of property of a public utility

"necessary or useful in the performance of its duties to the public." The owner may not transfer such properties unless authorized by the commission. All that the commission is concerned with, therefore, is whether a proposed transfer will be injurious to the rights of the public. If not, the owner may be authorized to make the transfer. With the rights of an intending purchaser the commission has nothing to do. Nor has it power to determine whether a valid contract of sale exists, or whether either party has a legal claim against the other under such contract. These are questions for the courts, and not for the railroad commission, which is merely authorized to prevent an owner of a public utility from disposing of it where such disposition would not safeguard the interests of the public. If the owner does not desire to sell, the commission cannot compel him to do so. If, having con-. tracted to sell, he refuses to comply with his contract, the commission is not empowered to determine that he should carry out his bargain. The provision that an owner may not sell without the consent of the commission implies that there must be an owner ready to sell and seeking authority so to do before the commission is called upon to act. We conclude, therefore, that the commission acted properly in determining the application of Hanlon (No. 941).

It is urged, however, that in No. 942 Durfy, the owner, presented a petition which alleged the making of the contract with Hanlon, and asserted Durfy's willingness to carry out that contract, if the commission should give its approval. Here, it is claimed, was a submission of the question by the owner, and since by such submission, the commission obtained jurisdiction to decide whether the sale should be authorized, any person interested has a right to insist that the jurisdiction be exercised. We do not find it necessary to pass upon the merit of this position. While the matter was still before the commission, Durfy filed a second petition, in which he asked authority to sell a part of the property to the city of Los Angeles. There is some difference between the parties over the question whether this second petition was filed "in substitution" of the first. Be that as it may, the second petition asked for an order, which, if consummated, would make it impossible to carry out the contract with Hanlon. The entire property could not be conveyed to Hanlon, if a part of it had first been conveyed to the city. The sec-

ond petition was therefore inconsistent with a continued willingness on Durfy's part to abide by his contract with Hanlon. Furthermore, the record, and particularly the opinion of the commission, show with sufficient clearness that Durfy's final position was that the sale to Hanlon should not be approved. At the conclusion of the proceeding, therefore, the commission had before it an owner who, having made a contract of sale, did not desire authority to consummate it, but urged that such authority ought not, in the public interest, to be granted. The only person having the right to invoke the action of the commission declined to invoke it, and the commission was therefore right, in No. 942 as in No. 941, in declining to pass upon the propriety of a sale to Hanlon.

The alternative writ of mandate is discharged and the proceeding dismissed.

Lorigan, J., Melvin, J., Shaw, J., and Angellotti, C. J., concurred.