[S. F. No. 10151. In Bank.—February 20, 1922.]

P. N. ASHLEY et al., Petitioners, v. RAILROAD COMMISSION OF THE STATE OF CALIFORNIA, Respondent.

[1] RAILROAD COMMISSION—RULES AND REGULATIONS—DISCRETION.—
The making of rules and regulations by the Railroad Commission governing the rates of a canal company is a matter largely, if not entirely, discretionary with the commission.

[2] ID.—PUBLIC UTILITIES—PAYMENT OF DEBT—JURISDICTION OF THE COMMISSION. — The Railroad Commission has no jurisdiction to entertain actions to compel public utilities to pay debts owing by them for money borrowed to enable them to construct works.

APPLICATION for a Writ of Review to review a decision of the Railroad Commission dismissing a petition for certain relief. Writ denied.

The facts are stated in the opinion of the court.

Mastick & Partridge, Elmer W. Armfield and Arthur B. Eady for Petitioners.

THE COURT.—The petitioners, seven in number, have presented a petition to this court asking a review of a certain decision of the Railroad Commission made on July 30, 1921, dismissing a complaint made by said petitioners to the Railroad Commission asking for certain relief at its hands. The petition to this court does not, in itself, state any facts which show that the Railroad Commission has exceeded its jurisdiction. It contains nothing more than general statements that the decision of the Railroad Commission complained of violates the rights of the petitioners and that it is unreasonable and discriminatory.

From the exhibits attached thereto it appears that the Sutter-Butte Canal Company is the owner of certain water rights and a system of ditches and canals, the nearest of which was about seven miles from the lands of the petitioners; that in the year 1918 the petitioners and the Canal Company entered into an agreement whereby the Canal Company agreed to construct a ditch leading from its canal to the lands of the petitioners, and to conduct water therein from its water system to said lands for the irrigation thereof, in consideration whereof the petitioners agreed to advance and loan to the Canal Company the money necessary for such construction and thereafter to take water from the canal from year to year as desired at the rate of seven dollars per acre per year. The Canal Company agreed to repay to said petitioners, respectively, the amounts advanced, by applying thereto a certain proportion of its revenues in succeeding years until the amounts so advanced should be repaid without interest. The agreement further provided that if any differences arose between the parties the same should be referred to and should be settled by the Railroad Commission and that the contract was "to be subservient to any ruling of the Railroad Commission in the matter of rates or other matters" covered by the contract. Differences arose between the parties, complaint was made to the Railroad Commission, and thereupon the commission made an order establishing different rates than those fixed by the agreement. Thereupon other differences arose and the petitioners filed with the com-

mission the complaint in question, asking that certain rules and regulations be made by the commission governing the rates of the Canal Company, and directing the Canal Company to repay to the petitioners and to each of them the sum of money advanced by them respectively for the construction of the aforesaid canal, together with interest thereon.

Upon this petition, after taking evidence, the commission made an order dismissing said complaint, which order it is now claimed was in excess of its authority and discriminatory.

[1] With respect to the request for the making of rules and regulations, it seems sufficient to say that such matters are largely, if not entirely, discretionary with the commission, and no facts are set forth which show such abuse of discretion as to make its refusal an excess of jurisdiction.

[2] With respect to the part of the complaint asking for an order by the commission upon the Canal Company requiring it to repay to the petitioners the money advanced by them, we think the commission properly dismissed the application. It was in effect a complaint to recover money and it necessarily assumed that the commission has jurisdiction to entertain actions to compel public utilities to pay debts owing by them for money borrowed to enable it to construct its canals or works. We are not advised that the commission has jurisdiction of that character. It is part of the jurisdiction of the superior courts of the state; our attention has not been called to any act of the legislature which purports to give to the commission such jurisdiction, and we have not found any statute purporting to do so. Such jurisdiction is not included in any direct constitutional grant of power to the commission.

It is not pointed out wherein the order dismissing the complaint and refusing to give the relief asked thereby has produced or will produce any unlawful discrimination between the petitioners and other persons.

For these reasons we deny the application for the issuance of a writ of review.

Shaw, C. J., Richards, J., *pro tem.*, Lawlor, J., Waste, J., Shurtleff, J., and Wilbur J., concurred.