[L. A. No. 12560.   In Bank.—June 19, 1933.]

COAST TRUCK LINE (a Corporation), Respondent, v. ASBURY TRUCK COMPANY (a Corporation), Appellant.

338

Libby & Sherwin and Warren E. Libby for Appellant.

Henry J. Bischoff for Respondent.

WASTE, C. J.—Defendant appeals from an order granting a temporary injunction. The action was brought by plaintiff, a duly certificated common carrier, to enjoin the defendant trucking company from transporting vegetables for compensation over the public highways of the state between Los Angeles and Oceanside and other points, without first obtaining a certificate of public convenience and necessity from the Railroad Commission, as required by the Auto Stage and Truck Transportation Act. (Stats. 1917, p. 330.)

In response to an order to show cause why such injunction should not issue, defendant offered in evidence two orders or decisions of the Railroad Commission, dated respectively March 31, 1927, and June 9, 1927, which orders or decisions, when read together, are sufficiently comprehensive to authorize the defendant to transport vegetables for hire between the points above named. In opposition to this showing there was introduced in evidence two subsequent orders or decisions of the Railroad Commission. The first of these, dated August 16, 1927, rescinds and vacates the earlier decisions relied on by the defendant, while the second, dated December 1, 1927, grants to the defendant a certificate of public convenience and necessity "for the transportation of oil well supplies, heavy machinery, pipe, steel and tanks". Upon this showing the trial court properly concluded that the defendant was not possessed of a certificate authorizing it to transport vegetables. A temporary injunction was thereupon issued.

Section 67 of the Public Utilities Act (Stats. 1915, p. 115), provides that "no court of this state (except the Supreme Court to the extent herein provided) shall have jurisdiction to review, reverse, correct or annul any order or decision of the commission, or to suspend or delay the

execution or operation thereof, or to enjoin, restrain or interfere with the commission in the performance of its official duties''. Relying on this section, defendant urged in the court below and contends upon this appeal that the superior court was without jurisdiction to proceed in this cause. With this contention we cannot agree.

The action of the superior court in the instant cause does not run counter to any provision of the foregoing section. It has not attempted to ''review, reverse, correct or annul'' any order or decision of the commission, nor has it undertaken to ''enjoin, restrain, or interfere'' with the commission in the performance of its official duties. It has merely given effect to the most recent and final order of the commission by enjoining defendant from operating in violation thereof. The validity of the several orders of the commission was not involved nor under review in the court below. The interpretation of the several orders at most was the only question before the court. ■ As a court of general jurisdiction the superior court may properly interpret and give effect to any document or order even though it be the result of action by the legislative, executive or judicial branch of the government. (*Henderson* v. *Oroville-Wyandotte Irr. Dist.*, 207 Cal. 215, 219 [277 Pac. 487].) ■ Moreover, under section 5 of article VI of the Constitution, the superior court has ''original jurisdiction in all cases in equity''. The present action for an injunction falls squarely within this grant of power. In *Yolo Water etc. Co.* v. *Superior Court,* 43 Cal. App. 332, 341 [185 Pac. 195], it is declared: ''Power conferred by the Constitution upon the railroad commission to supervise and regulate public utilities and to bring suits to enforce its orders and compel public utilities to obey the law is not inconsistent with the power conferred upon superior courts to entertain injunction suits instituted by others than the commission against public utilities. To so hold will not create any conflict between the courts and the commission, because in all such suits the courts will be bound and guided and controlled in all respects in entertaining and deciding or dismissing them as much by section 23 of the Constitution and the Public Utility Act as by any other provision of the law.''

■ There is no merit in defendant's attack on the order of the Railroad Commission rescinding and vacating its two

prior orders granting defendant authority to operate. On a collateral attack of this character the defect complained of must appear on the face of the judgment-roll. The vacating order, here assailed, states on its face that it was made after hearing had. Defendant's contention that it had no notice thereof is therefore without merit. ▉ In addition, it is well to point out that section 65 of the Public Utilities Act, *supra*, makes the orders and decisions of the commission final in all collateral actions and proceedings. (*Truck Owners & Shippers, Inc.*, v. *Superior Court*, 194 Cal. 146, 150 [228 Pac. 19].)

The order appealed from is affirmed.

Seawell, J., Preston, J., Langdon, J., Curtis, J., and Shenk, J., concurred.