[Civ. No. 12870. First Dist., Div. One. Sept. 21, 1945.]

INDEPENDENT LAUNDRY, Appellant, v. RAILROAD COMMISSION OF THE STATE OF CALIFORNIA, Respondent.

Stanislaus A. Riley for Appellant.

Everett C. McKeage, Roderick B. Cassidy, Wyman C. Knapp, Hal F. Wiggins and John M. Gregory for Respondent.

WARD, J.—Plaintiff brought this action for declaratory relief joining as defendants Craig Carrier, doing business as Pacific Linen Supply Company, Pacific Gas and Electric Company and the Railroad Commission of the State of California. The appeal is by plaintiff from a judgment that plaintiff take nothing of or from defendant Railroad Commission which followed an order sustaining said defendant's demurrer to an

amended complaint without leave to amend and the granting of its motion for judgment on the pleadings.

The amended complaint set forth that plaintiff had leased to defendant Carrier, for the operation of a laundry and linen supply business 5,124 square feet in a building owned and operated by plaintiff as a laundry. The sixth clause of the lease between the parties provided: "Said lessee is given permission to install an electric meter at his own expense for the purpose of consolidating the current of the Pacific Gas and Electric Co. to be used for the purpose of measuring the current used by said lessee, it being agreed that lessee shall have the full benefit of the saving secured on a consolidated rate for all current used by him." The amended complaint also alleged that the Railroad Commission under the Constitution and laws of the State of California regulates and supervises public utilities in the matter of fixing rates for gas, electricity and water; that the Pacific Gas and Electric Company is a public utility under the jurisdiction of the commission; that this company has been providing electric current to plaintiff on the premises, and plaintiff in turn has been supplying to defendant Carrier such portion of the current as was required in the operation of the linen supply business. It is further alleged that the defendant gas and electric company, with the approval of the defendant commission, has had in force and operation a rule and regulation reading as follows: "Where the Company has adequate service facilities to supply separate premises such separate premises, even though owned by the same consumer, will not be supplied with electric energy through the same meter.

"Unless specially agreed upon, the consumer shall not re-sell any of the electric energy received by him from the Company to any other person or for any other purpose, or on other premises than specified in his application for service.

"Owners or lessees of apartment houses or other buildings may re-sell electric energy to tenants of such houses or buildings, provided either,

"(a) Such energy is resold at rates identical with the rates of the Company that would apply in the event that energy were supplied to the sub-consumer directly by the Company: or

"(b) The charge to the sub-consumer for such energy is absorbed in the rental charge for the premises occupied by

him. In the event that such energy is resold otherwise than as provided in this paragraph, the Company shall have the right at its option, either to discontinue service to the consumer, or, to furnish electric energy directly to the sub-consumer.''

Plaintiff further alleges that it charged defendant Carrier for electric current supplied at the rate charged by the company to plaintiff; ''That the amount of current consumed and used by defendant Carrier caused an increase in the amount of current received by and charged to plaintiff and under the schedule of rates fixed by the Commission the charge to plaintiff for such increased consumption was substantially less than the charge would have been had it been computed upon the basis of such increase being separately supplied; during the period above mentioned plaintiff allowed defendant Carrier the benefit of the saving thereby effected.'' It was also alleged that plaintiff was unaware of the rule and regulation for some period after the execution of the lease. but subsequently notified and demanded of defendant Carrier that he pay the same rates as would be in effect were the energy supplied directly by the utility company to said defendant; that defendant Carrier refused to pay the rates applicable as a subconsumer and has offered to pay the ''lease'' rates and no more. It is alleged that the company and the commission insist that payment be made in accordance with the rule. It is then alleged that plaintiff's business, operating for many years and rendering service to approximately 30 drivers, will be disrupted and that plaintiff, the drivers, etc., will be irreparably injured if the defendant gas and electric company exercises its right to enforce the rule by discontinuance of service. It is further alleged ''That in view of the conflict in the demands of defendants, namely, that of defendant Carrier that the provisions of Clause Sixth of the lease apply, and the demands of defendants Company and Commission that the provisions of said rule and regulation apply, it is necessary that a declaration of the rights and duties of plaintiff and the defendants under said lease and said rule and regulation be had.'' Defendant commission demurred upon the grounds that (1) the ''complaint does not state facts sufficient to constitute a cause of action''; (2) ''The Court has no jurisdiction of this defendant, or the subject of the action,'' and (3) there is a ''misjoinder of parties.'' This demurrer

to the amended complaint was sustained without leave to amend.

The appellant contends that none of the grounds of the demurrer is good. Respondent commission urges, mainly, lack of jurisdiction of the superior court to hear or determine any action such as this, so far as the Railroad Commission is concerned. Whatever is said by this court on this appeal is to be considered only in relation to the position of the commission, the lone respondent herein.

Irrespective of the fact "that the Railroad Commission has exclusive original jurisdiction and the Supreme Court exclusive reviewing jurisdiction," and that no appeal from the order of the commission was presented to the Supreme Court, it is appellant's position that the regulation of the commission must be taken as valid and that it supersedes and renders invalid the provisions of the lease. Appellant contends that the "status of all the parties can be determined only if and when the appellant; its lessee, Carrier, the Railroad Commission and the gas company are before the court in the same proceedings." Appellant argues that if the superior court does not have jurisdiction over the commission, there is no way of binding the commission to an order that the superior court may make.

Actions for a declaratory relief (Code Civ. Proc., § 1060) may be brought against sovereign bodies, depending upon the facts of the case, in the absence of a specific expression of legislative intent to the contrary. However, the section does not enlarge the jurisdiction of the superior court as to parties and the subject matter, so that if the commission or the subject matter of this action is not within the jurisdiction of the superior court, section 1060 will not confer such jurisdiction. (*Hoyt* v. *Board of Civil Service Commrs.*, 21 Cal.2d 399 [132 P.2d 804] ; *People* v. *Buellton Development Co.*, 58 Cal.App.2d 178 [136 P.2d 793] ; *Imperial Mut. L. Ins. Co.* v. *Caminetti*, 59 Cal.App.2d 501 [139 P.2d 691].)

Section 67 of the "Public Utilities Act" (Stats. 1915, pp. 115, 161, amended by Stats. of 1933, pp. 1157, 1158; 2 Deering's Gen. Laws, 1944, Act 6386, pp. 2464, 2522) provides in part: "No court of this State (except the Supreme Court to the extent herein specified) shall have jurisdiction to review, reverse, correct or annul any order or decision of the commission or to suspend or delay the execution or opera-

tion thereof, or to enjoin, restrain or interfere with the commission in the performance of its official duties; provided, that the writ of mandamus shall lie from the Supreme Court to the commission in all proper cases.

"In any proceeding wherein the validity of any order or decision is challenged on the ground that it violates any right of petitioner under the Constitution of the United States, the Supreme Court shall exercise an independent judgment on the law and the facts, and the findings or conclusions of the commission material to the determination of the said constitutional question shall not be final." The provision that the Supreme Court *only* shall have jurisdiction to review an order of the commission is a valid limitation upon the jurisdiction of the various courts of this state. (*Pacific Telephone etc. Co.* v. *Eshleman,* 166 Cal. 640 [137 P. 1119, Ann.Cas. 1915C 822, 50 L.R.A.N.S. 652]; *Marin M. W. Dist.* v. *North Coast W. Co.,* 178 Cal. 324 [173 P. 473].)

In the present case appellant seeks to have the superior court declare the Railroad Commission's rights and duties under the lease and "said rule and regulation." If the declaration of rights develops into issues with which the commission is not directly concerned but which are solely between plaintiff and defendant Carrier, then the commission is not an essential or necessary party. If plaintiff seeks to restrain the commission in the performance of its official duties, or desires that the order approved by the commission should be annulled or modified, the proceeding has not been instituted in the proper tribunal.

The only California case called to our attention wherein an attempt was made to make the Railroad Commission a party to a superior court action involving issues similar in any respect to those in the present appeal is *Sexton* v. *Atchison etc. Ry. Co.,* 173 Cal. 760 [161 P. 748], in which case at page 763 the court said "that, by reason of said section [sec. 67, Public Utilities Act], no court of the state other than the supreme court has any power to review the orders of the commission, or to control its official action." It has been held in *Truck Owners etc., Inc.,* v. *Superior Court,* 194 Cal. 146 [228 P. 19], that the superior court has jurisdiction where the purpose of a suit is to enjoin a carrier which has not applied to the commission for a certificate, which certificate would in effect permit competition with the plaintiff who previously

had received a certificate of public convenience and necessity to operate trucks for transportation purposes over a designated area. The proper court to determine the right of another company to operate over the same designated route was the superior court in the absence of action by the commission in assuming jurisdiction over the second trucking company. At page 153 it was stated "that the superior court has no jurisdiction to compel the commission to act," and again at page 156 that "We entertain no doubt that when the commission has assumed and exercised its jurisdiction the court would conform its orders and process agreeably to the action of the commission made within its jurisdiction." The prior action taken by the commission in the Truck Owners' case consisted in the issuance of one certificate applicable to the holder thereof. In the present case it is the promulgation of a rule and regulation directed to all consumers of electric energy that such power should not be supplied to separate premises where the company has adequate service facilities to supply the additional consumer unless such energy is resold at rates identical with the rates of the company that would apply in the event that energy were supplied to the subconsumer directly. In *City of Oakland* v. *Key System,* 64 Cal.App.2d 427 [149 P.2d 195], this court discussed questions involving the jurisdiction of the commission and the superior court. The views expressed in the city of Oakland case are in accord with the views expressed herein. However, here the issue, the scope of a contract between appellant and defendant Carrier, may be determined without the presence of the commission.

An interpretation of the rule and regulation in accordance with appellant's views might be of advantage in finally determining the dispute alleged in the amended complaint to exist between plaintiff and defendant Carrier. However, so far as the superior court is concerned its jurisdiction in the determination of the validity of a regulation of the commission has been restricted. (*Pacific Telephone etc. Co.* v. *Eshleman, supra; Truck Owners etc., Inc.,* v. *Superior Court, supra; Allen* v. *Railroad Commission,* 179 Cal. 68 [175 P. 466, 8 A.L.R. 249]; *People* v. *Hadley,* 66 Cal.App. 370 [226 P. 836]; *Wallace Ranch W. Co.* v. *Foothill D. Co.,* 5 Cal.2d 103 [53 P.2d 929]; *Foothill D. Co.* v. *Wallace Ranch W. Co.,* 25 Cal.App.2d 555 [78 P.2d 215].)

Appellant points to sections other than section 67, which

provide or intimate that the commission may, under certain circumstances, take part in court proceedings in which an order or act of the commission is involved. Section 4 provides merely for the appointment of an attorney to represent the commission in all actions involving an order or act of the commission. Section 69 provides that actions involving the acts or orders of the commission shall have preference over certain other civil causes. Section 75 authorizes the commission's attorney in the name of the People of the State of California to commence an action by mandamus or injunction in the superior court to stop or prevent a violation of law or of an order, rule, etc., of the commission. "The statute, instead of conferring upon the commission the means of directly enforcing such orders, has provided (Public Utilities Act, § 75) for the institution by the commission of court proceedings, or for the issuance of process by the court to carry out and make effective the orders of the commission. As was said in *Yolo Water & Power Co.* v. *Superior Court,* 43 Cal.App. 332, 341 [185 P. 195, 199] : 'The purpose and intent in enacting section 75 is obvious. The Public Utility Act invests the board of railroad commissioners with large powers in the control of public utilities, and gives it powers to fine and punish for contempt. But the commission is not a court and has not complete court machinery. It was seen that cases might arise where punishments for contempt and fine would not accomplish the objects sought, that writs of mandamus and injunction might be needed, and such writs the commission has no power to issue. It might become necessary for it to avail itself of the equity powers of the courts. Without express authority granted by the legislature to so do, the question of its right to bring suit might be raised in any litigation arising. Anticipating such contingency, express power was conferred upon the commission to avail itself of court processes and writs, so that its power in this regard might not be questioned.' " (*Motor Transit Co.* v. *Railroad Commission,* 189 Cal. 573, 582-583 [209 P. 586] ; see, also, *Kern County Land Co.* v. *Railroad Com.,* 2 Cal.2d 29 [38 P.2d 401, 39 P.2d 402].)

Enforcing its orders through the offices of the superior court under a specific statute authorizing such appearance is entirely different from a forced appearance without statutory authorization. (*Hoyt* v. *Board of Civil Service Commrs., supra.*) In brief, the superior court may not require the commission to accept the court's discretion instead of the com-

mission's discretion in the enforcement of orders, rules and regulations. (*Sexton* v. *Atchison etc. Ry. Co., supra.*)

In appellant's closing brief a new thought is injected which requires mention. Appellant does not argue nor present supporting authority but suggests that article VI, section 5 was adopted in 1928, some seventeen years after article XII, section 22 of the state Constitution and that the 1928 amendment is the latest expression of the will of the people upon the subject of jurisdiction. Appellant does not state that the 1928 amendment to article VI, section 5 repealed article XII, section 22, but such inference may be drawn from the language used in the closing brief. ▮ Repeals by implication are only recognized where there is an irreconcilable conflict between existing statutes. (*Railroad Commission* v. *Riley*, 192 Cal. 54 [218 P. 415]; *Penziner* v. *West American Finance Co.*, 10 Cal.2d 160 [74 P.2d 252]; *Rexstrew* v. *City of Huntington Park*, 20 Cal.2d 630 [128 P.2d 23].) ▮ On three occasions section 5 of article VI has been amended. The purport of the original section and the first two amendments was to outline the jurisdiction of the superior court. Originally and in several amendments the superior court was given original jurisdiction in all cases of equity and all cases of law involving specified issues. In 1928 the section was amended without mention of "equity" or "law." In the original and amended sections it is made plain that the superior court has jurisdiction in special cases and proceedings not otherwise provided for. The 1928 amendment contains the following: ". . . and of all such special cases and proceedings as are not otherwise provided for." Article XII, section 22, and the following sections, provide the duty of regulation by the commission upon matters as are herein raised as issues in this case. Such matters are within the realm of "special cases and proceedings," but they are "otherwise provided for." With respect to the purpose of the proposed amendment to section 5, the sponsor, the Judicial Council, said: "The first paragraph has been reframed in an effort to eliminate, generally, concurrent jurisdiction in the superior and the inferior courts and to correct certain apparent inconsistencies between the provisions of that section and other provisions relative to the jurisdiction of inferior courts." (Appendix to Journals of Senate and Assembly (1927), Ex. C., First Report of the Judicial Council of California, p. 61.) Evidently there was no thought that

the 1928 amendment should repeal any portion of article XII.

Assuming that the amended complaint for declaratory relief presented an actual present controversy with a protectible interest in plaintiff (*Dowd* v. *Glenn*, 54 Cal.App.2d 748 [129 P.2d 964]), such as a lease (12 A.L.R. 52, 82), still the controversy must be one subject to action by the court wherein jurisdiction is claimed.

The basis of this action is the lease contract between plaintiff and defendant Carrier. There is no present justiciable controversy between plaintiff and defendant commission in which the superior court may determine the validity of the regulation. (*Merkley* v. *Merkley,* 12 Cal.2d 543 [86 P.2d 89]; *Gillies* v. *La Mesa etc. Irr. Dist.,* 54 Cal.App.2d 756 [129 P.2d 941].) In brief, the superior court does not have jurisdiction as the facts are set forth in the amended complaint of the commission or the determination of the validity of the regulation referred to, even though the commission might intervene. However, the superior court in the action between plaintiff and defendant Carrier may interpret the "regulation" and declare whether it is applicable in view of the existence of clause sixth of the lease. In *Henderson* v. *Oroville-Wyandotte Irr. Dist.,* 207 Cal. 215, it was held (p. 219 [277 P. 487]): "Again, the validity of the order of the Railroad Commission is not in question nor under review. The interpretation of that order at most is the only question before the court. The superior court is a court of general jurisdiction. It derives its powers from article VI, section 5, of the Constitution and section 76, subdivision 3, of the Code of Civil Procedure. (*Yolo Water etc. Co.* v. *Superior Court,* 43 Cal.App. 332 [185 P. 195].) Where a written instrument affects the title to real property, otherwise subject to the jurisdiction of the superior court, we can conceive of no reason why such an instrument may not be construed and its meaning declared, even though the document is final in its nature and is the result of action by either the legislative, executive or judicial branch of a state government or of the government of the United States."

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 19, 1945.