[S. F. No. 20601. In Bank. July 3, 1961.]

WALTER J. HEMPY, as Secretary of the Board of Trade of San Francisco, Petitioner, v. PUBLIC UTILITIES COMMISSION OF THE STATE OF CALIFORNIA, Respondent.

James M. Conners, Berol and Geernaert, Edward M. Berol, Bruce R. Geernaert and George M. Carr for Petitioner.

Leon E. Gold and Samuel S. Berman as Amici Curiae on behalf of Petitioner.

William M. Bennett, Chief Counsel, Roderick B. Cassidy, Assistant Chief Counsel, and Mary Moran Pajalich, Senior Counsel, for Respondent.

DOOLING, J.—This is a proceeding to review an order of the Public Utilities Commission which authorizes the transfer of certain highway operating rights upon condition that specified creditors of the transferring utilities be given preferential treatment in the payment of their claims.

Highway Transport, Inc. was a highway common carrier (Pub. Util. Code, § 213) and Highway Transport Express was an affiliated express corporation (Pub. Util. Code, § 219). On March 7, 1960, they requested the commission to suspend their operating authority. On the same day they made common-law assignments for the benefit of creditors to petitioner. On March 8, 1960, the commission on its own motion ordered an investigation and suspended the operative rights of the two Highway companies pending further order. On May 19, 1960, petitioner, the two Highway companies (hereinafter referred to collectively as "Highway") and Interstate Motor Lines, Inc. jointly applied to the commission for authority to transfer Highway's operating rights to Interstate as provided in an agreement between petitioner and Interstate made on March 31, 1960. Conditioned upon the commission's approval, Interstate agreed to pay $127,000 for the transfer, of which $52,000 was allocable to intrastate as distinguished from interstate operating rights. A hearing was had on the joint application and the commission on August 2, 1960, issued its decision and order. It found that the proposed transfer of Highway's operating rights to Interstate "would not be adverse to the public interest and should be authorized," and it ordered approval of such transfer upon condition that the sales contract between petitioner and Interstate be modified to provide that 52/127 of the amount to be paid by Interstate to petitioner "be applied first toward payment of amounts due to [the] commission for transportation rate fund fees and penalties from Highway . . . and amounts due to C.O.D. creditors of Highway . . . before any payments are made to other creditors and stockholders of Highway." Petitioner applied for a rehearing which was denied.

Petitioner attacks the legality of the condition imposed on the commission's approval of the transfer of Highway's operating rights. He maintains that such conditioned approval was an act in excess of the commission's jurisdiction because

the matter of creditors' preferences is exclusively for the courts to adjudicate.

We are satisfied that petitioner is correct in this contention. ▉ Under section 851 of the Public Utilities Code, "No public utility . . . shall sell, lease, assign, mortgage, or otherwise dispose of or encumber the whole or any part of its . . . property necessary or useful in the performance of its duties to the public, or any franchise or permit . . . without first having secured from the commission an order authorizing it so to do." The predecessor of this section (then Public Utilities Act, § 51a) was construed in *Hanlon* v. *Eshleman,* 169 Cal. 200 [146 P. 656]. In that case this court said at pages 202-203: "The commission's power is to be exercised for the protection of the rights of the public interested in the service, and to that end alone. The sales, leases, or encumbrances affected by section 51a are dispositions of property of a public utility 'necessary or useful in the performance of its duties to the public.' . . . All that the commission is concerned with, therefore, is whether a proposed transfer will be injurious to the rights of the public." By its order approving the transfer here in question respondent commission has determined that the rights of the public interested in the service will be adequately protected and will not be injuriously affected by the transfer.

▉ The Public Utilities Commission is nowhere expressly given the power to adjudicate the rights between a public utility subject to its regulatory powers and its general creditors or those asserting contract rights against it. By the condition which the commission attempted to impose upon its approval of the transfer here, it sought to give priority to certain classes of claims in the disbursement of the purchase price to be paid over all other creditors of the transferring corporations. ▉ It is settled that the general jurisdiction to determine the respective rights of creditors where, as here, an assignment for the benefit of creditors has been made, reposes in the superior court. (*Farmers etc. Nat. Bank* v. *Peterson,* 5 Cal.2d 601 [55 P.2d 867]; *Sanderson* v. *McIntosh,* 65 Cal. 36 [2 P. 728].) ▉ In the absence of a legislative grant to the respondent of power to adjudicate the relative rights of the creditors of a public utility, we can find no theory under which it has acquired jurisdiction to do so. In cognate situations we have held that the commission has no jurisdiction to adjudicate contract rights asserted by

third persons against a public utility, but that the proper forum for such adjudication is the superior court. (*California Water & Tel. Co.* v. *Public Util. Com.*, 51 Cal.2d 478, 488 [334 P.2d 887]; *Ashley* v. *Railroad Com.*, 188 Cal. 234, 236 [204 P. 825]; *Atchison etc. Ry. Co.* v. *Railroad Com.*, 173 Cal. 577, 582 [160 P. 828, 2 A.L.R. 975]; *Hanlon* v. *Eshleman, supra,* 169 Cal. 200, 203.)

 Respondent argues that it had the power to impose the conditions here in question because its own fees are in the nature of a tax, and the condition for payment to C.O.D. creditors is consistent with and carries out the requirements of its General Order 84C.[1] The difficulty with this argument is that by its order respondent is attempting to establish a priority over the claims of other creditors whose rights it has no conceivable jurisdiction to adjudicate. *Henderson* v. *Oroville-Wyandotte Irrigation Dist.,* 213 Cal. 514, 530-531 [2 P.2d 803], relied upon by respondent to justify the conditions here imposed, is not in point. The condition there was that the transferee should assume the preexisting obligations to give public service to customers who had such rights to service against the transferor. This condition came expressly within the commission's jurisdiction to see that the transfer did not injuriously affect the rights of members of the public entitled to service by the transferor.

Respondent's further argument that the C.O.D. collections constituted trust funds held for the C.O.D. shippers as beneficiaries could not justify the order here, even if respondent could otherwise enforce such trust in furtherance of its General Order 84C (a point not here necessary to decide). The ready answer is that the order attempts to give a priority in the funds to be received from the purchaser, not in any funds received from C.O.D. consignees, and by no theory of trust law could a trust interest in those funds be established.

It may well be, as argued by respondent, that the transfer to petitioner was invalid until approved by the commission under section 851 of the Public Utilities Code, but the commission's approval has now been given, and it had no power as a condition of that approval to determine the priority of

---

[1]General Order 84C provides: "In the handling of all C.O.D. shipments carrier shall, promptly upon collection of any and all C.O.D. moneys, and in no event later than ten days after delivery to the consignee . . . remit to consignor all C.O.D. moneys collected by it on such shipments."

certain creditors over other creditors whose respective rights it had no jurisdiction to adjudicate.

The condition of the order herein attacked is annulled.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and White, J., concurred.