[Sac. No. 7615. In Bank. Mar. 1, 1965.]

THE PEOPLE, Petitioner, v. THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent; DYKE WATER COMPANY, Real Party in Interest.

Richard E. Tuttle and J. Thomason Phelps for Petitioner.

No appearance for Respondent.

Thomas W. Martin and Lally & Martin for Real Party in Interest.

TRAYNOR, C. J.—The Public Utilities Commission, suing in the name of the People of the State of California (Pub. Util. Code, § 2101), seeks a writ of prohibition to restrain respondent superior court from proceeding with an action wherein Dyke Water Company, the real party in interest herein, seeks a declaration of the rights and duties of the parties with respect to funds collected by Dyke from its customers pursuant to a stay order of the commission.

In 1960 the commission ordered the termination of an interim rate increase previously granted to Dyke. Pending a review by this court, the commission stayed the effective date of the termination order, but directed Dyke to set up a reserve account in its books and deposit the amounts collected pursuant to the stay with a bank as trustee. On July 25, 1961, after this court affirmed the termination order (*Dyke Water Co.* v. *Public Utilities Com.*, 56 Cal.2d 105 [14 Cal.Rptr. 310, 363 P.2d 326]), the commission ordered the lower rates into effect immediately and directed Dyke within 10 days to formulate and advise the commission of a plan to refund to its customers the difference between the higher and lower rates collected while the commission's stay was in effect.

In November 1962 the commission issued an order to show cause why Dyke and its officers and directors should not be held in contempt for violating various final orders of the commission including those directing Dyke to set up a reserve account, to establish a trust deposit, and to formulate a plan for refunding the excess charges collected pursuant to the commission's stay.

While the contempt proceedings were pending, the commission commenced an investigation of a proposed sale by Dyke of part of its operative property to the City of Anaheim. In a decision filed on August 6, 1963 (*Dyke Water Co.*, 61 Cal. P.U.C. 315, 322), the commission found that the public interest required that approval of the proposed sale be conditioned on Dyke's making provision for refunds to its customers of the amounts collected pursuant to the stay in the rate proceedings. The commission also determined that $266,342 should be placed in escrow for this purpose, but without prejudice to Dyke's right to pursue its contention before the commission that no refunds were due.

Pursuant to this decision Dyke deposited $266,342 in a trust account with the Farmers and Merchants Bank of Long Beach and executed escrow instructions providing that this amount was to be disbursed as the commission should direct and that the escrow instructions should not be changed without the consent of the commission.

On December 9, 1963, Dyke filed its action for declaratory relief in respondent superior court. Its complaint alleges that defendant Silva claims that he is entitled to part of the refunds as assignee of some of Dyke's customers, that a substantial part of the refunds will never be claimed by customers, and that defendant Attorney General claims that

part of the refunds for the State of California. Dyke denies the claims of both Silva and the Attorney General, and it prays for a declaration of the rights and duties of the parties under the decisions and orders of the commission.

On July 10, 1964, the commission filed its decision and order in the contempt proceedings finding Dyke and its officers and directors guilty of contempt for six violations of commission orders including the order to formulate a plan for making refunds. While a petition to review the contempt order was pending in this court, the commission commenced the present proceeding for a writ of prohibition. On November 19, 1964, we denied the petition to review the contempt order (*Dyke Water Co.* v. *Public Utilities Commission,* S.F. No. 21828), but enforcement of that order has been stayed pending the timely filing and disposition of a petition for a writ of certiorari in the United States Supreme Court.

Section 1759 of the Public Utilities Code provides: "No court of this State, except the Supreme Court to the extent specified in this article, shall have jurisdiction to review, reverse, correct, or annul any order or decision of the commission or to suspend or delay the execution or operation thereof, or to enjoin, restrain, or interfere with the commission in the performance of its official duties, except that the writ of mandamus shall lie from the Supreme Court to the commission in all proper cases."

█ The commission contends that Dyke seeks to have the superior court review the commission's decisions and orders with respect to making refunds to Dyke's customers and annul those decisions to the extent that Dyke seeks a declaration that it is entitled to retain the unclaimed refunds. Accordingly, the commission concludes that section 1759 deprives the superior court of jurisdiction and that therefore a writ of prohibition should issue.

Dyke contends that it is not asking the superior court to review, annul or delay execution of any order or decision of the commission and that it seeks only a determination of two questions of law that have arisen under the commission's orders in disputes between Dyke and third parties. Those questions are alleged to be whether claims for refunds are assignable and whether unclaimed refunds are payable to the state.

Had Dyke complied with the commission's order to formulate a plan for making refunds to its customers and secured

the commission's approval thereof, the appropriate trial courts would have jurisdiction to adjudicate any disputes between Dyke and third parties arising under the plan. (*Coast Truck Line* v. *Asbury Truck Co.*, 218 Cal. 337, 339 [23 P.2d 513]; *Henderson* v. *Oroville-Wyandotte Irr. Dist.*, 207 Cal. 215, 219 [277 P. 487]; *Independent Laundry* v. *Railroad Com.*, 70 Cal.App.2d 816, 826 [161 P.2d 827].) By giving proper effect to an approved refund plan, the courts in such actions would be acting not in derogation but in aid of the commission's jurisdiction.

Dyke, however, has not complied with the commission's order to formulate a plan for making refunds, and in its declaratory relief action it seeks advance determination of issues that should be presented to the commission in connection with any proposed plan. Since no refund plan has been presented to it, the commission has not ruled on the questions of assignability or escheat or considered what the provisions of a refund plan should be. Moreover, the parties have not briefed or argued those questions in this proceeding. Accordingly, it would be premature for us to consider them at this time or to determine whether the commission in the exercise of its broad powers to regulate the relationship of a utility to its customers (Pub. Util. Code, §§ 728, 729, 701) has authority to determine whether or not refund claims are assignable (cf. Pub. Util. Code, § 734) and to whom unclaimed refunds should be paid. (Cf. *Market St. Ry. Co.* v. *Railroad Com.*, 28 Cal.2d 363, 366-367 [171 P.2d 875].)

The controlling facts are that the whole matter of how refunds are to be made is still pending and undecided before the commission and Dyke is obligated by a final order of the commission to present a plan for making refunds. Under these circumstances section 1759 precludes the superior court from adjudicating at Dyke's behest the very issues that will necessarily be presented to the commission in the continuing exercise of its jurisdiction in the refund proceedings. (*Miller* v. *Railroad Com.*, 9 Cal.2d 190, 195 [70 P.2d 164, 112 A.L.R. 221]; *Northwestern Pac. R.R. Co.* v. *Superior Court*, 34 Cal.2d 454, 458 [211 P.2d 571]; see also *Pacific Tel. & Tel. Co.* v. *Superior Court*, 60 Cal.2d 426, 428-430 [34 Cal.Rptr. 673, 386 P.2d 233]; *Southern Pac. Co.* v. *Public Utilities Com.*, 41 Cal. 2d 354, 360 [260 P.2d 70]; *Loustalot* v. *Superior Court*, 30 Cal.2d 905, 911-913 [186 P.2d 673].)

Let a peremptory writ issue as prayed.

Peters, J., Tobriner, J., Peek, J., Burke, J., and Schauer, J.,* concurred.

McCOMB, J.—I dissent. In my opinion, respondent court has jurisdiction to determine the issues involved in the complaint for declaratory relief.

Section 1759 of the Public Utilities Code provides: "No court of this State, except the Supreme Court to the extent specified in this article, shall have jurisdiction to review, reverse, correct, or annul any order or decision of the commission or to suspend or delay the execution or operation thereof, or to enjoin, restrain, or interfere with the commission in the performance of its official duties, except that the writ of mandamus shall lie from the Supreme Court to the commission in all proper cases."

If the present action required a determination respecting the validity of the commission's orders and decisions directing the real party in interest to make the refunds, respondent court would therefore lack jurisdiction to proceed.

The issues raised by the pleadings, however, are whether defendant Silva, as assignee, is entitled to receive the refund deposits assigned to him and whether the state is entitled to receive any unclaimed refund deposits. The issue of the validity of the commission's orders and decisions directing that the refunds be made has not been raised.

As the pleadings stand, respondent court would simply be called upon to pass on the merits of defendant Silva's and the state's claims and to determine what rights and duties are imposed upon the respective parties by the applicable orders and decisions of the commission. Accordingly, respondent court would not be required to "review, reverse, correct, or annul any order or decision of the commission." (Cf. *Henderson* v. *Oroville-Wyandotte Irr. Dist.*, 207 Cal. 215, 219 [277 P. 487]; *Independent Laundry* v. *Railroad Com.*, 70 Cal.App.2d 816, 826 [5b] [161 P.2d 827].)

In *Miller* v. *Railroad Com.*, 9 Cal.2d 190, 195 [1] [70 P.2d 164, 112 A.L.R. 221], we said: ". . . after the commission has assumed jurisdiction over a public utility for the purpose of administering the law applicable to the activities of the utility, the commission has exclusive jurisdiction over the regulation and control of said utility. . . ."

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

This is not to say, however, that the commission thereby obtains jurisdiction to determine the claims of third persons against such utility, even though such claims relate to a matter over which the commission has assumed jurisdiction. (*Hempy* v. *Public Utilities Com.,* 56 Cal.2d 214, 217-218 [14 Cal.Rptr. 436, 363 P.2d 476]; *California Water & Tel. Co.* v. *Public Utilities Com.,* 51 Cal.2d 478, 488 [334 P.2d 887].)

On the contrary, under section 2106 of the Public Utilities Code,* jurisdiction over actions to recover for any loss, damage, or injury suffered by third persons as a result of any unlawful act of a public utility or a failure by it to perform acts required by law or by any order or decision of the commission is specifically given to the courts.

Accordingly, any person entitled to a refund under the commission's orders and decisions hereinabove referred to would have the right, if the real party in interest failed to make payment, to file an action on his claim in the appropriate trial court.

Although section 1759 of the Public Utilities Code provides that no court, except the Supreme Court to the extent specified, shall have jurisdiction to suspend or delay the execution or operation of any order or decision of the commission, the prohibition clearly refers to orders or judgments entered for the purpose of suspending or delaying the execution or operation thereof and does not encompass suspensions or delays incidental to action which the court has jurisdiction to take.

In the present case, respondent court has jurisdiction to determine the issues raised by the pleadings, and the fact that some delay in execution of orders of the commission may incidentally result pending determination of those issues is immaterial.

The apparent purpose of the present action is to assure that the refunds ordered by the commission will be made only to persons entitled thereto. Since such a purpose would be in harmony with the official duties of the commission, action taken by respondent court in furtherance thereof would not

---

*Section 2106 of the Public Utilities Code provides, in part: "Any public utility which does, causes to be done, or permits any act, matter, or thing prohibited or declared unlawful, or which omits to do any act, matter, or thing required to be done, either by the Constitution, any law of this State, or any order or decision of the commission, shall be liable to the persons or corporations affected thereby for all loss, damages, or injury caused thereby or resulting therefrom. If the court finds that the act or omission was wilful, it may, in addition to the actual damages, award exemplary damages. An action to recover for such loss, damage, or injury may be brought in any court of competent jurisdiction by any corporation or person. . . ."

"enjoin, restrain, or interfere with the commission in the performance of its official duties."

The commission places reliance on the reecnt case of *Pacific Tel. & Tel. Co.* v. *Superior Court,* 60 Cal.2d 426 [34 Cal.Rptr. 673, 386 P.2d 233], in urging that respondent court has no jurisdiction over the subject matter of the present action. In that case, however, the trial court would have been required to review an order of the commission, the validity thereof being specifically put in issue; and this court held that the scheme of review established by the Legislature would thereby be altered. In the present case, on the other hand, the validity of a commission order is not involved.

I would discharge the alternative writ of prohibition heretofore issued and deny the petition for a writ of prohibition.