[S. F. No. 21345. In Bank. Nov. 5, 1963.]

THE PACIFIC TELEPHONE AND TELEGRAPH COM-
PANY, Petitioner, v. THE SUPERIOR COURT OF
THE CITY AND COUNTY OF SAN FRANCISCO,
Respondent; EDGAR J. SOKOL, Real Party in Interest.

Pillsbury, Madison & Sutro, John A. Sutro, Noble K. Gregory and James F. Kirkham for Petitioner.

No appearance for Respondent.

Marshall W. Krause and Leo Borregard for Real Party in Interest.

McCOMB, J.—Pacific Telephone and Telegraph Company (hereinafter referred to as "petitioner") seeks a writ of prohibition to restrain the Superior Court of the City and County of San Francisco (hereinafter referred to as "respondent") from proceeding to try an action for damages alleged to have resulted when petitioner discontinued telephone services to Edgar J. Sokol (hereinafter referred to as "plaintiff"), the real party in interest.

*Facts*: Plaintiff operated a club through which anyone paying a membership fee was entitled to receive the names of horses selected by the club to win at local race tracks. This information was transmitted to members by communications services furnished by petitioner.

Petitioner notified plaintiff that it had received information from local law enforcement officers that his operations were illegal, and immediately disconnected his telephones. The effect of such action was to completely eliminate plaintiff's business activities.

Petitioner purported to act pursuant to Decision 41415 of the Public Utilities Commission (hereinafter referred to as the "commission"), issued in 1948, providing, in part: "[A]ny communications utility ... must discontinue and disconnect service to a subscriber, whenever it has reasonable cause to believe that the use made or to be made of the service ... is prohibited under any law ... or [such service] is being or is to be used as an instrumentality, directly or indirectly, to violate or to aid and abet the violation of the law. *A written notice to such utility from any official charged with the enforcement of the law stating that such service is being used or will be used as an instrumentality to violate or to aid and abet the violation of the law is sufficient to constitute such reasonable cause.*

"... any person aggrieved by any action taken or threat-

ened to be taken pursuant to the provisions of this decision shall have the right to file a complaint with this Commission in accordance with law. This remedy shall be exclusive. Except as specifically provided herein, *no action at law or in equity shall accrue against any communications utility because, or as a result of, any matter or thing done or threatened to be done pursuant to the provisions of this decision.*" (Italics added.) (47 Cal. P.U.C. 853, 859-860.)

It was also stated that each contract for communications should be deemed to incorporate the provisions of the order.

Following the discontinuance of his service and pursuant to Decision 41415, plaintiff instituted proceedings before the commission.

The commission found that plaintiff's telephone facilities were not being used for any unlawful service, and accordingly his service was restored 14 days after being discontinued. The commission further found "that defendant herein [petitioner] acted upon reasonable cause in disconnecting said telephone facilities." (P.U.C. Decision 63178.)

Ten months later plaintiff filed an action in respondent court seeking damages from petitioner on the ground that discontinuance of telephone service was not in accord with any "valid" order of the commission, and in violation of petitioner's obligations as a public utility. Petitioner moved for a summary judgment on the ground that respondent lacked jurisdiction. The motion was denied.

■ Question: *Does respondent have jurisdiction to pass upon the validity or reasonableness of decisions of the Public Utilities Commission?*

*No.* Respondent has assumed jurisdiction to award damages because of petitioner's action in disconnecting plaintiff's telephone service. In so doing, it necessarily assumes the power, contrary to law, to review and annul the foregoing decisions of the commission.

■ The commission's authority to establish the requirements embodied in its Decision 41415 arises out of its power to regulate the relationship of a public utility to its customers and to prescribe the conditions upon which the public utility must render its public utility services, founded upon the fundamental sovereign right of the state under its police power to regulate the rendering of public utility services. (*Sutter-Butte Canal Co.* v. *Railroad Com.*, 202 Cal. 179, 184 [1,2], 189 [259 P. 937].)

Article XII, section 23, of the California Constitution pro-

vides that the commission "shall have and exercise such power and jurisdiction to supervise and regulate public utilities ... as shall be conferred upon it by the Legislature, and the right of the Legislature to confer powers upon the ... [Public Utilities] Commission respecting public utilities is hereby declared to be plenary and to be unlimited by any provision of this Constitution."

Pursuant to this constitutional provision, the Legislature, by section 761 of the Public Utilities Code, has conferred upon the commission jurisdiction to "prescribe rules for the performance of any service or the furnishing of any commodity of the character furnished or supplied by any public utility, and ... such public utility shall furnish such commodity or render such service within the time and upon the conditions provided in such rules."

Under section 701 of the Public Utilities Code, the commission has jurisdiction to "supervise and regulate every public utility in the State and may do all things, whether specifically designated in this part or in addition thereto, which are necessary and convenient in the exercise of such power and jurisdiction."

 As a corollary to the power and jurisdiction conferred on the commission, the Legislature, by sections 1756 to 1760 of the Public Utilities Code, has limited the power of the courts to interfere with the functioning of the commission by restricting review of commission decisions to the Supreme Court.

The Legislature has provided for review by the Supreme Court on writ of certiorari or mandamus, but limited review, even by the Supreme Court, to the determination "whether the commission has regularly pursued its authority, including a determination of whether the order or decision under review violates any right of the petitioner under the Constitution of the United States or of this State." (Pub. Util. Code, § 1757.)

The Legislature thereupon expressly provided: "No court of this State, except the Supreme Court to the extent specified in this article, shall have jurisdiction to review, reverse, correct, or annul any order or decision of the commission or to suspend or delay the execution or operation thereof, or to enjoin, restrain, or interfere with the commission in the performance of its official duties. ..." (Pub. Util. Code, § 1759.)

 The effect of the foregoing is summarized by this court in *Miller* v. *Railroad Com.*, 9 Cal.2d 190, 195 [70 P.2d

164, 112 A.L.R. 221], as follows: "... after the commission has assumed jurisdiction over a public utility for the purpose of administering the law applicable to the activities of the utility, the commission has exclusive jurisdiction over the regulation and control of said utility. ..."

In *Harmon* v. *Pacific Tel. & Tel. Co.*, 183 Cal.App.2d 1, 3 [6 Cal.Rptr. 542], it was held that the power of the commission with respect to the conditions under which public utilities render their services is subject to review only by the Supreme Court, in accordance with the applicable sections of the Public Utilities Code.

The mandate of the Legislature, violated by the superior court in the case at bar, is to place the commission, insofar as the state courts are concerned, in a position where it may not be hampered in the performance of any official act by any court, except to the extent and in the manner specified in the code itself. (*Southern Pac. Co.* v. *Public Utilities Com.*, 41 Cal.2d 354, 360 [260 P.2d 70]; *Sexton* v. *Atchison etc. Ry. Co.*, 173 Cal. 760, 764 [161 P. 748].)

Hence, respondent, when it assumed jurisdiction to review and annul the decisions of the commission here involved, altered the scheme of review established by the Legislature. Respondent was therefore without jurisdiction to pass upon the question here presented. (*Loustalot* v. *Superior Court*, 30 Cal.2d 905, 912 [186 P.2d 673].)

It does not follow that plaintiff is necessarily without a remedy. He has now filed with the commission a complaint seeking the retroactive rescission of Decision 41415 on the ground that it is unconstitutional. The validity of that decision and the power of the commission to rescind it may be determined in plaintiff's proceeding before the commission subject to review by this court. Thereafter the present action may proceed or be terminated depending on the ultimate outcome of plaintiff's proceeding before the commission. (See *Corning Hospital Dist.* v. *Superior Court*, 57 Cal.2d 488, 496-497 [20 Cal.Rptr. 621, 370 P.2d 325].)

In view of our conclusion, it is unnecessary to discuss other questions presented by counsel.

Let a peremptory writ of prohibition issue restraining the trial court from proceeding in a manner inconsistent with the views expressed herein.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., Tobriner, J., and Peek, J.

The petition of the real party in interest for a rehearing was denied December 5, 1963.