[Civ. No. 22962.   First Dist., Div. Three.   Oct. 21, 1966.]

DONALD C. PELLANDINI et al., Plaintiffs and Appellants,
v. PACIFIC LIMESTONE PRODUCTS, INC., Defend-
ant and Respondent.

Dal Pogetto & Chown and Norman Chown for Plaintiffs and Appellants.

Mary Moran Pajalich, Roderick B. Cassidy and Timothy E. Treacy as Amici Curiae on behalf of Plaintiffs and Appellants.

Murphy & Adams and William G. Filice for Defendant and Respondent.

DEVINE, J.—Appellants, operators of a trucking company, and respondent manufacturer made a written contract which purported to be one of purchase and sale of limestone products. The Public Utilities Commission found, however, on hearing, that the contract was one for transportation and not for sale, and that it was a device by which appellants undercharged respondent. The commission ordered appellants to bring action against respondent to recover the undercharges.

Appellants, having defended the contract before the commission, were thus placed in the unenviable position of collecting alleged undercharges on a theory diametrically opposed to their own. It would be unfair to say that the suit was collusive. But surely we may agree with appellants' own statement in their brief, that they have been ''less than enthusiastic'' in their pursuit of the litigation. Appellants say that their reluctance is because of their honest belief that the suit was improper, unwarranted and unjust, and brought about only by the prodding of the Public Utilities Commission. (We give this brief recital, not because it goes to the merits of

the case, which have been decided by the commission, but merely to show the perspective of the litigation.)

Appellants' complaint does not allege that there actually were undercharges, but makes reference to the order of the Public Utilities Commission directing appellants to take legal action to collect undercharges. At the trial, appellants' counsel told the court of the decision of the commission but presented the case largely as a trial de novo and presented Mr. Pellandini, whose testimony was, as without doubt it had been before the commission, wholly favorable to the proposition that the contract was one of sale. The president of respondent, a small, family corporation, had testified before the commission, and he testified before the court, the purport of his testimony being that the contract was not of mere transportation but was genuinely one of sale. The judge expressed his awareness of the fact that the proceeding was not completely adversary and remarked upon the difficult position in which appellants found themselves. The court decided, in direct opposition to the position of the commission, that the contract was not one of transportation but one of sale.

Appeal was taken. We permitted counsel for the Public Utilities Commission to file an amicus curiae brief and respondent to answer it.

*Judicial Notice of the Commission's Order*

■ In the superior court, the decision of the commission was not introduced in evidence, nor was it called to the judge's attention for the specific purpose of his taking judicial notice of it. Counsel for the commission ask us to take judicial notice on appeal of the order. This, of course, is within the power of the court. (Code Civ. Proc., § 1875, subd. 3; Witkin, Cal. Evidence (1958) p. 56; 3 Witkin, Cal. Procedure (1954) p. 2230.) Respondent does not question this but argues that the court should not exercise its power because appellants did not offer the order of the commission to the trial judge so that he could take judicial notice of it.

We deem it eminently proper for this court to take judicial notice of the order. Therefore, we judicially notice Decision No. 61457, dated February 7, 1961, of the Public Utilities Commission of the State of California (58 Cal. P.U.C. 470). Our reasons for doing so are:

1. If the commission could find one way and the courts a directly opposite way on the same facts, there would be an

anarchic situation in the transportation industry. (*Pratt* v. *Coast Trucking, Inc.*, 228 Cal.App.2d 139, 154 [39 Cal.Rptr. 332].) A strong public policy in this state against undercharging by carriers and in favor of collecting the undercharges by shippers appears in the decisions. (*People* v. *Ryerson*, 241 Cal.App.2d 115, 119-120 [50 Cal.Rptr. 246]; *Pratt* v. *Coast Trucking, Inc., supra; Butler* v. *Bell Oil & Refining Co.*, 70 Cal.App.2d 728, 730 [161 P.2d 559]; *Gardner* v. *Rich Mfg. Co.*, 68 Cal.App.2d 725 [158 P.2d 23].)

2. The fact that appellants failed to ask that judicial notice be taken by the trial court should not benefit respondent, in view of the fact that the trial was, to say the least, not completely adversary.

3. Actually, the court knew of the commission's order, although the order itself was not presented. What the court did not have was the determined support by appellants of their own case and an exposition of the law as contained in *Pratt* v. *Coast Trucking, Inc., supra,* and other cases.

### Due Process of Law

It is well established that an order of the Public Utilities Commission is not reviewable by any court of this state except the Supreme Court. (Pub. Util. Code, § 1759; *People* v. *Superior Court*, 62 Cal.2d 515 [42 Cal.Rptr. 849, 399 P.2d 385].) The superior court, therefore, may not effectually negate a decision of the commission within the latter's jurisdiction. But respondent contends that because it was not a party to the hearing before the commission, it cannot be bound by the commission's order even if judicial notice of the order be taken. Respondent says, and it is not denied, that it was not served with notice of the commission's decision and, therefore, was not put on such notice as would require petition for rehearing. To hold respondent bound by the commission's order, argues respondent, would be to deny it due process of law.

The commission, in its brief, cites as authority for binding respondent despite the fact that respondent was not directly before the commission, the cases of *IPCO Transp. Co.*, 60 Cal. P.U.C. 537, writ of review denied October 16, 1963, S. F. No. 21334, appeal dismissed October 19, 1964, 379 U.S. 14 [13 L.Ed.2d 84, 85 S.Ct. 145]; and *Soule Transp., Inc.*, 59 Cal. P.U.C. 260, writ of review denied May 29, 1962, S. F. No. 21024. These cases, however, and that of *Pratt* v. *Coast*

*Trucking, Inc., supra,* 228 Cal.App.2d 139, involve situations where the carrier was an *alter ego* of the shipper and, therefore the shipper was actually before the commission through its other name. In the case before us, no *alter ego* situation exists.

We do not agree, however, with respondent's contention that effectuating of the decision of the commission by judgment against respondent for the undercharges would deny due process of law. Respondent's president testified before the commission. No doubt his testimony was substantially the same as that before the superior court. But respondent did not seek to intervene at the commission's hearing in order to defend against the claim of undercharge. It would be difficult to believe, and respondent does not ask us to believe, that it did not have actual notice of the commission's order. But even if it had not known of the order before it was served with summons of the superior court, respondent then could have applied to the commission to rescind, alter or amend its order, under section 1708 of the Public Utilities Code, which provides for such process "at any time." The commission points out that in *Pacific Tel. & Tel. Co. v. Superior Court,* 60 Cal.2d 426, 430 [34 Cal.Rptr. 673, 386 P.2d 233], a party affected by an order of the commission had the right to seek retroactive rescission of a decision of the commission. This was done by the real party in interest in the *Pacific Telephone* case, even after time for petition for rehearing under section 1733 of the Public Utilities Code had expired. The Supreme Court decided that section 1733 is permissive rather than mandatory, and recognized the right of the party to petition for rescission of the order. (*Sokol v. Public Utilities Co.,* 65 Cal.2d 247, 251-252 [53 Cal.Rptr. 673, 418 P.2d 265].)

Respondent, therefore, could have asked the trial court to postpone the case if that were necessary, in order to allow it to make its application to the commission. We cannot assume, nor was respondent entitled to surmise, that the commission would have acted unfavorably to it if respondent had been able to make a showing in its application that the commission's decision had been erroneous, or that new evidence would not bring about a different ruling. (See *Red River Broadcasting Co. v. Federal Communications Com.,* 98 F.2d 282, 288 [69 App.D.C. 1].) Respondent chose to put before the court the proposition that the contract which the commission had decided was in violation of the law actually was legal in

all respects. If the judgment were allowed to stand, it would be antipodal to the decision and order of the commission.

Respondent, having had the opportunity to intervene before the commission, and the further opportunity to apply for rescission of the commission's order, cannot be heard to say that it has been denied due process of law. The commission has exclusive jurisdiction in matters such as that involved in this case, the regulation and enforcement of rights of public carriers.

### Statute of Limitations

The superior court held the action to be barred by Code of Civil Procedure section 339, subdivision 1. But in the findings it appears that the contract was a written one. In undercharge cases the period of limitations depends on the nature of the contract, whether written or oral, because the liability for the charges is created by the contract, although the amount is fixed by the commission. (*Gardner* v. *Basich Bros. Constr. Co.*, 44 Cal.2d 191, 194 [281 P.2d 521].) The limitation is therefore four years (Code Civ. Proc., § 337), and all of the transactions took place within that period.

Judgment reversed.

Draper, P. J., and Salsman, J., concurred.