[Civ. No. 39199. Second Dist., Div. Three. June 27, 1972.]

DOLLAR-A-DAY RENT-A-CAR SYSTEMS, INC., et al.,
Plaintiffs and Appellants, v.
PACIFIC TELEPHONE AND TELEGRAPH COMPANY,
Defendant and Respondent.

455

## Counsel

Axelrad, Sevilla & Ross and Richard H. Levin for Plaintiffs and Appellants.

Lawler, Felix & Hall, Charles L. Rogers, and Stephen T. Swanson for Defendant and Respondent.

## Opinion

**ALLPORT, J.**— Plaintiffs appeal from orders sustaining a demurrer without leave to amend to their complaint and dismissing this action as to defendant Pacific Telephone and Telegraph Company, a cor-

poration, hereinafter referred to as "Pacific." This appeal lies from the order of dismissal.[1] (Code Civ. Proc., §§ 581, subd. 3, 581d, 904.1, subd. (a).) By their complaint plaintiffs seek injunctive relief and damages against Pacific based upon allegations of unreasonable, arbitrary and discriminatory practices in regulation of plaintiffs' display advertising in the yellow pages of Pacific's telephone directory. The demurrer was sustained and the action dismissed upon the ground that the court lacked jurisdiction over the subject matter. It is contended on appeal that the court erred in so holding because the subject matter of the action lies in the concurrent jurisdiction of both the superior court and the Public Utilities Commission, hereinafter referred to as "PUC." We do not agree.

At the outset we point out that while seeking an injunction and compensatory and punitive damages, the basis for all relief sought lies in the claim of "an unreasonable, arbitrary and discriminatory exercise of said Defendant's right of regulation of advertising." This involves a factual determination to this effect by an appropriate tribunal before such relief may be granted.

The California Constitution and the Legislature have charged the PUC with the duty to regulate public utilities. Article XII section 23 of the California Constitution provides that "The Railroad Commission [Public Utilities Commission] shall have and exercise such power and jurisdiction to supervise and regulate public utilities . . . as shall be conferred upon it by the Legislature, and the right of the Legislature to confer powers upon the Railroad Commission respecting public utilities is hereby declared to be plenary and to be unlimited by any provision of this Constitution." Public Utilities Code section 701 provides: "The commission may supervise and regulate every public utility in the State and may do all things, whether specifically designated in this part or in addition thereto, which are necessary and convenient in the exercise of such power and jurisdiction." Pacific is a public utility and subject to the requirements of section 216 of the Public Utilities Code. Pursuant to section 489, as a public utility Pacific is required to and has filed tariffs establishing rules pertaining to its rates and service. ▆▆▆ Telephone directories are a portion of the public service rendered by Pacific and over which the PUC has "full control." In *California etc. Storage Co.* v. *Brundige,* 199 Cal. 185 [248 P. 669, 47 A.L.R. 811], the court said at pages 188, 189: "A telephone directory is an essential instrumentality in connection with the peculiar

[1]An order sustaining a demurrer without leave to amend is not appealable. (*Covarrubias* v. *James,* 21 Cal.App.3d 129, 131 [98 Cal.Rptr. 257].)

service which a telephone company offers for the public benefit and convenience. It is as much so as is the telephone receiver itself, which would be practically useless for the receipt and transmission of messages without the accompaniment of such directories. . . . [W]e cannot do other than regard its use for such purposes as a mere incident in the operation of its public service over which the regulating body ought to have full control." Pacific's tariff provides for classified telephone directory advertising. Schedule Cal. P.U.C. No. 40-T, Special Conditions Numbers 2, 9, 11, 12, 15, 16, provide:

"2. Advertising copy furnished by the advertiser must be acceptable to the Utility and the printing of the advertising specified in the contract will constitute such approval.

"9. The Utility reserves the right to accept or refuse any advertising when such action will not result in unlawful discrimination. Such acceptance or refusal is subject to the review of the Public Utilities Commission of the State of California.

"11. No specific position for display advertising is guaranteed in any issue, and the Utility reserves the right to place such advertising in any position either on any page on which appears the heading with which such advertising is to be associated or on any page opposite any such page.

"12. Reasonable care will be exercised to prevent the publication of advertisements or listings which may be misleading, and the Utility assumes no responsibility with respect to the authenticity of advertising copy furnished by any advertiser.

"15. All advertisements and advertising matter will be printed in one color except as otherwise specified.

"16. The size, style and arrangement of the type to be used in all listings and advertising matter will be determined by the Utility.".

■ A public utility's tariffs filed with the PUC have the force and effect of law. (*Dyke Water Co.* v. *Public Utilities Com.*, 56 Cal.2d 105, 123 [14 Cal.Rptr. 310, 363 P.2d 326], cert. den. 368 U.S. 939 [7 L.Ed.2d 338, 82 S.Ct. 380].) ■ A court may take judicial notice of the provisions of a tariff. (Evid. Code, § 452; *Pratt* v. *Coast Trucking, Inc.*, 228 Cal.App.2d 139, 143 [39 Cal.Rptr. 332].) The PUC has taken steps to regulate Pacific with respect to the right of Pacific to regulate advertising. In *Frank Serpa, Jr.* v. *Pacific Telephone and Telegraph Company* (1957) Decision No. 54355, 55 Cal. P.U.C. 359 [17 P.U.R.3d 378, 380] we

find the following: "The policy of defendant in refusing to include prices in any advertising placed in its classified telephone directory is found to be reasonable and necessary to prevent misleading and unfair advertising. The prices included in advertisements in a telephone directory which is published only once a year will very probably become unrealistic in view of changes and costs of labor and materials. Also, it permits 'bait' advertising, which is found to be undesirable.

"The publication of a classified telephone directory, while it is a venture not essential to the performance of telephone service, is so materially required in connection with such service as to become colored with the same considerations of regulation. No one except the telephone company can adequately carry on the venture.

"Since the publication of advertisements and listings of business in a directory is vital to proper rendition of telephone service, *it is a matter within the regulatory jurisdiction of the Commission.* . . . It [the telephone company] must, therefore, be permitted a reasonable amount of supervision and the determination of proper policy as to the content of advertisements published. These policies must be nondiscriminatory and fair."

In *Society for Individual Rights, Incorporated* v. *The Pacific Telephone and Telegraph Company* (1970) Decision No. 78101, 71 Cal. P.U.C. 622, the PUC upheld Pacific's refusal to publish an advertisement in the yellow pages of its San Francisco directory. . It appears abundantly clear from the foregoing constitutional, statutory, decisional and administrative law that the publication of the advertising directory (Yellow Pages) by Pacific is a service over which the PUC may, and has, undertaken general supervision and control but that the superior court is without jurisdiction at this stage of the proceedings with respect to the relief sought in the complaint. In 41 Cal.Jur.2d 358, section 124, we find the following: "By virtue of the broad grant of powers in the constitution, the legislature has authority to divest the courts of all jurisdiction respecting the control and activities of public utilities. Pursuant to this authority, the Public Utilities Code provides that the courts may not restrain or interfere with the public utilities commission in the performance of its official duties, except that mandamus lies from the supreme court to the commission in proper cases. The clear intent of this provision is to place the commission, insofar as state courts are concerned, in a position where it will not be hampered by any court in the performance of any official act, except to the extent and in the manner permitted by the statute itself. At least to

the extent the commission has acted in a particular matter, the jurisdiction of the superior court seems to be entirely taken away except in certain actions specially authorized by statute to be brought at the instance of the commission to enforce penalties or compel compliance with provisions of law." (Fns. omitted.)

In *Products Research Associates* v. *Pacific Tel. & Tel. Co.*, 16 Cal. App.3d 651 at page 655 [94 Cal.Rptr. 216], the court said: "We observe, initially, that the Commission does not have *exclusive* jurisdiction over any and all matters having any reference to the regulation and supervision of public utilities. (*Vila* v. *Tahoe Southside Water Utility*, 233 Cal.App.2d 469, 477 [43 Cal.Rptr. 654].) Thus, under Public Utilities Code section 2106 the courts of this state are expressly granted jurisdiction to award both compensatory and (in a proper case) exemplary damages against a public utility for a loss, damage or injury resulting from any unlawful act or omission to perform a required act. (See *Vila* v. *Tahoe Southside Water Utility, supra;* and see *Schultz* v. *Town of Lakeport*, 5 Cal.2d 377, 383 [54 P.2d 1110, 55 P.2d 485, 108 A.L.R. 1168]; *Thompson* v. *San Francisco Gas etc. Co.*, 18 Cal.App. 30, 34-35 [121 P. 937].) Accordingly, an aggrieved party may prosecute an action in the courts for any loss or injury arising from a failure of a carrier or public utility '. . . to do any act or thing required to be done by the constitution or any law of the state or any order or decision of the commission.' (*California Adj. Co.* v. *Atchison etc. Ry. Co.*, 179 Cal. 140, 145 [175 P. 682, 13 A.L.R. 274].)"

In *Pacific Tel. & Tel. Co.* v. *Superior Court*, 60 Cal.2d 426 [34 Cal. Rptr. 673, 386 P.2d 233], the court said at pages 429-430: "The Legislature has provided for review by the Supreme Court on writ of certiorari or mandamus, but limited review, even by the Supreme Court, to the determination 'whether the commission has regularly pursued its authority, including a determination of whether the order or decision under review violates any right of the petitioner under the Constitution of the United States or of this State.' (Pub. Util. Code, § 1757.)

"The Legislature thereupon expressly provided: 'No court of this State, except the Supreme Court to the extent specified in this article, shall have jurisdiction to review, reverse, correct, or annul any order or decision of the commission or to suspend or delay the execution or operation thereof, or to enjoin, restrain, or interfere with the commission in the performance of its official duties. . . .' (Pub. Util. Code, § 1759.)

"The effect of the foregoing is summarized by this court in *Miller* v. *Railroad Com.*, 9 Cal.2d 190, 195 [70 P.2d 164, 112 A.L.R. 221], as fol-

lows: '. . . after the commission has assumed jurisdiction over a public utility for the purpose of administering the law applicable to the activities of the utility, the commission has exclusive jurisdiction over the regulation and control of said utility. . . .'

"In *Harmon* v. *Pacific Tel. & Tel. Co.,* 183 Cal.App.2d 1, 3 [6 Cal.Rptr. 542], it was held that the power of the commission with respect to the conditions under which public utilities render their services is subject to review only by the Supreme Court, in accordance with the applicable sections of the Public Utilities Code.

"The mandate of the Legislature, violated by the superior court in the case at bar, is to place the commission, insofar as the state courts are concerned, in a position where it may not be hampered in the performance of any official act by any court, except to the extent and in the manner specified in the code itself. (*Southern Pac. Co.* v. *Public Utilities Com.,* 41 Cal.2d 354, 360 [260 P.2d 70]; *Sexton* v. *Atchison etc. Ry. Co.,* 173 Cal. 760, 764 [161 P. 748].)

"Hence, respondent, when it assumed jurisdiction to review and annul the decisions of the commission here involved, altered the scheme of review established by the Legislature. Respondent was therefore without jurisdiction to pass upon the question here presented. (*Loustalot* v. *Superior Court,* 30 Cal.2d 905, 912 [186 P.2d 673].)"

The foregoing does not mean that plaintiffs have no remedy at law or in equity in the instant case. They may file a complaint with the PUC seeking a factual determination of the propriety of Pacific's action with respect to the advertisement in question. That decision is subject to review by the Supreme Court. Prior to such a determination prosecution of the present action for injunctive relief and damages is premature. It is dependent for vitality upon findings of fact adverse to the utility.

Plaintiffs argue that, since the PUC has not heretofore assumed to act on the specific subject matter of the instant action, the court has at least concurrent jurisdiction with the PUC. We do not agree that such action is required to give the commission exclusive jurisdiction at this stage of the proceedings. As pointed out above, the PUC has in fact acted on the general subject of directory advertising. Such action has resulted in its having exclusive jurisdiction over the subject matter of the instant action at this time. In *Vila* v. *Tahoe Southside Water Utility,* 233 Cal.App.2d 469 [43 Cal.Rptr. 654], upon which plaintiffs rely heavily in support of their argument for concurrent jurisdiction, the court of appeal said at pages

475-479, in upholding the superior court's jurisdiction to grant injunctive relief and to award damages under Public Utilities Code section 2106: "Under these holdings by the commission and the statutes quoted above, it is clear, as appellant contends, that *when this action was brought, the commission had already acted as regards the rule and regulation of the utility here involved,* and therefore the utility is obligated (assuming the facts pleaded by appellant as to the status of his premises to be provable) both by law and by order· of the commission to furnish water with the single service connection as demanded. With this established, the inquiry as to the applicability of section 2106 in its relation to section 1759 narrows.

"It has never been the rule in California that the commission has *exclusive* jurisdiction over any and all matters having any reference to the regulation and supervision of public utilities. So to hold would be to deny any meaningful application of section 2106 expressly granting jurisdiction to the courts to award both compensatory and (in a proper case) exemplary damages.

"We have seen that in this case the defendant utility's schedules of rates, and its rules and regulations containing an undertaking to supply the very service demanded in plaintiff's complaint were already in effect when this complaint was filed. No administrative study, survey, or investigation was necessary to determine whether a 'single service connection' should be made. The utility's obligation to make it was clear under an unambiguous provision in its own rules (rules which it had been required to adopt by order of the commission).

*"Under these circumstances* and under the authorities discussed above, we hold that the superior court had jurisdiction to hear and decide all issues framed by the complaint. *Existence and exercise of this jurisdiction is in aid and not in derogation of the jurisdiction of the commission.*

"By statute the commission is empowered to enforce its orders by suit (§ 2101), by mandamus or injunction (§ 2102); it also has power to impose fines (§ 2100) and recover them by an action (§ 2104). It also may punish for contempt (§ 2112). But section 2106 is the only statutory authority for the recovery, by a person injured, of damages, compensatory and exemplary." (Fn. omitted; italics added.)

■ In the instant case the commission has not determined that Pacific's action with respect to the advertisement in question was "an unreasonable, arbitrary and discriminatory" exercise of its right of regulation of directory

advertising. Until such a factual determination has been made by the commission the superior court has no jurisdiction to award injunctive relief or damages.

We have examined the other cases cited by plaintiffs and find them to be factually distinguishable and otherwise not controlling or persuasive of a decision contrary hereto.

The order of dismissal is affirmed. The purported appeal from the order sustaining the demurrer without leave to amend is dismissed.

Schweitzer, Acting P. J., and Cobey, J., concurred.