[No. F003564. Fifth Dist. Dec. 12, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
B. W. THACKER, Defendant and Appellant.

## Counsel

Michael D. Russell, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Robert E. Venturi and James T. McNally, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**FRANSON, Acting P. J.—**

### Statement of the Case

Appellant stands convicted after a jury trial of grand theft in violation of Penal Code section 487, subdivision 1 (count I) and forgery in violation of Penal Code section 470 (counts II, III, IV).

Appellant makes two contentions on appeal. First, there is insufficient evidence to support his conviction of grand theft. He argues that the monies taken "were as much his funds as they were those of [the alleged victim]," i.e., the monies were part of the working capital of the corporation formed by appellant and the alleged victim. Second, appellant argues that he received ineffective assistance of counsel at trial.

As part of both contentions, appellant asks this court to judicially notice the contents of documents attached to his second opening brief and to his rejected petition for writ of habeas corpus.[1] The documents consist of certified copies of the articles of incorporation of California Earth Movers and

---

[1] Appellant's first opening brief contained references to materials on file with the Secretary of State regarding a corporation entitled California Earth Movers and Construction, Inc. (hereinafter Earth Movers or the corporation). Upon motion, the brief was stricken on the ground that it contained matters that were "not properly part of the record on appeal."

Appellant filed a second opening brief and a petition for writ of habeas corpus. A motion to strike the brief was made on the same ground as the first motion but the motion was denied. The habeas writ was later denied.

Construction, Inc. and a "Statement by Domestic Stock Corporation" pursuant to Corporations Code section 1502 purporting to show the shareholders and officers of the corporation, both filed with the Secretary of State; and a "Notice of Issuance of Shares" pursuant to Corporations Code section 25102, subdivision (h), filed with the Commissioner of Corporations. The documents are signed by Peter Mosesian either as attorney for the corporation or as president of the corporation. Resolution of appellant's request for judicial notice was deferred pending consideration of the merits of the appeal.

STATEMENT OF THE FACTS

1. *The grand theft.* *

. . . . . . . . . . . . . . . . . . . . . . . .

I

*Judicial notice on appeal.*

Before passing on the merits of appellant's contentions, it is necessary to dispose of appellant's request that we take judicial notice of matters set forth in documents appended to his second opening brief and attached to his petition for writ of habeas corpus. These documents are not a part of the record on appeal.[2]

█ The propriety of taking judicial notice in this case is governed by Evidence Code sections 459 and 452.[3] Evidence Code section 459 provides

---

*See footnote page 594, *ante*.

[2]Appellant has *not* requested that we take judicial notice of *all* matters considered in conjunction with his habeas petition. Therefore, trial counsel's declaration submitted in response to the petition is not before this court. (See Evid. Code, § 453.)

[3]Evidence Code section 452 reads: "Judicial notice may be taken of the following matters to the extent that they are not embraced within Section 451:

"(a) The decisional, constitutional, and statutory law of any state of the United States and the resolutions and private acts of the Congress of the United States and of the Legislature of this state.

"(b) Regulations and legislative enactments issued by or under the authority of the United States or any public entity in the United States.

"(c) Official acts of the legislative, executive, and judicial departments of the United States and of any state of the United States.

"(d) Records of (1) any court of this state or (2) any court of record of the United States or of any state of the United States.

"(e) Rules of Court of (1) any court of this state or (2) any court of record of the United

that a "reviewing court may take judicial notice of any matter specified in Section 452." Subdivision (c) of Evidence Code section 452 authorizes the taking of judicial notice of "[o]fficial acts of the legislative, executive, and judicial departments of the United States and of any state of the United States." Subdivision (d) of Evidence Code section 452 authorizes the taking of judicial notice of "[r]ecords of (1) any court of this state . . . ."

■ Appellant inferentially relies on subdivision (c) of Evidence Code section 452 for this court's authority to take judicial notice of the materials presented. However, to be judicially noticed pursuant to subdivision (c) the matter must meet the test of an *official* act. (Witkin, Cal. Evidence (2d ed. 1966) § 167, p. 154.)[4] We have found no authority and none has been cited for the proposition that materials prepared by private parties and merely on file with state agencies may be judicially noticed pursuant to subdivision (c).

In *South Shore Land Co.* v. *Petersen* (1964) 226 Cal.App.2d 725, 745-746 [38 Cal.Rptr. 392], it was held that the appellate court could not take

States or of any state of the United States.

"(f) The law of an organization of nations and of foreign nations and public entities in foreign nations.

"(g) Facts and propositions that are of such common knowledge within the territorial jurisdiction of the court that they cannot reasonably be the subject of dispute.

"(h) Facts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy."

Evidence Code section 459 reads:

"(a) The reviewing court shall take judicial notice of (1) each matter properly noticed by the trial court and (2) each matter that the trial court was required to notice under Section 451 or 453. The reviewing court may take judicial notice of any matter specified in Section 452. The reviewing court may take judicial notice of a matter in a tenor different from that noticed by the trial court.

"(b) In determining the propriety of taking judicial notice of a matter, or the tenor thereof, the reviewing court has the same power as the trial court under Section 454.

"(c) When taking judicial notice under this section of a matter specified in Section 452 or in subdivision (f) of Section 451 that is of substantial consequence to the determination of the action, the reviewing court shall comply with the provisions of subdivision (a) of Section 455 if the matter was not theretofore judicially noticed in the action.

"(d) In determining the propriety of taking judicial notice of a matter specified in Section 452 or in subdivision (f) of Section 451 that is of substantial consequence to the determination of the action, or the tenor thereof, if the reviewing court resorts to any source of information not received in open court or not included in the record of the action, including the advice of persons learned in the subject matter, the reviewing court shall afford each party reasonable opportunity to meet such information before judicial notice of the matter may be taken."

[4]For example, courts may take judicial notice of Public Utility Commission provisions and orders. (*Dollar-A-Day Rent-A-Car Systems, Inc.* v. *Pacific Tel. & Tel. Co.* (1972) 26 Cal.App.3d 454, 457 [102 Cal.Rptr. 651] and *Pellandini* v. *Pacific Limestone Products, Inc.* (1966) 245 Cal.App.2d 774, 776-777 [54 Cal.Rptr. 290], respectively.) Similarly, a court may take judicial notice of State Board of Equalization rules and reports. (*Anders* v. *State Board of Equalization* (1947) 82 Cal.App.2d 88, 98 [185 P.2d 883] and *Michels* v. *Watson* (1964) 229 Cal.App.2d 404, 407 [40 Cal.Rptr. 464], respectively.)

judicial notice of deeds and other instruments prepared by private individuals even though they were on file with governmental agencies. Similarly, appellant has submitted documents for judicial notice prepared by a private person which are on file with the Secretary of State and the Commissioner of Corporations.

It is of no help to appellant that this court may acknowledge the mere existence or status of a corporation as opposed to recitations in documents submitted to a governmental agency. (See Corp. Code, § 209; *Fellom* v. *Adams* (1969) 274 Cal.App.2d 855, 864 [79 Cal.Rptr. 633].)

■ The question then becomes whether materials submitted in conjunction with a disposed petition for writ of habeas corpus are "records" of this court so that judicial notice may be taken of them pursuant to Evidence Code section 452, subdivision (d). We conclude they are not.

As stated in 2 Jefferson, California Evidence Benchbook (1982) Judicial Notice, section 47.2, at page 1757: "What is meant by taking judicial notice of court records? There exists a mistaken notice that this means taking judicial notice of the existence of facts asserted in *every document* of a court file, including *pleadings* and *affidavits*. However, a court *cannot* take judicial notice of *hearsay allegations* as being true, just because they are a part of a court record or file. A court may take judicial notice of the *existence* of each document in a court file, but can only take judicial notice of the *truth* of facts asserted in documents such as orders, findings of fact and conclusions of law, and judgments." (Italics original; see also *In re Tanya F.* (1980) 111 Cal.App.3d 436, 440 [168 Cal.Rptr. 713].)

The motion to take judicial notice will be denied, and references in appellant's brief to matters outside the record on appeal will be ignored.

### II-III*

. . . . . . . . . . . . . . . . . . . . . . . . . .

### IV

*Right to file habeas corpus proceeding in trial court.*

■ Our affirmance of the judgment is without prejudice to appellant's right to file a petition for a writ of habeas corpus in the superior court where

*See footnote on page 594, *ante*.

a complete record can be obtained. (*People* v. *Pope* (1979) 23 Cal.3d 425, 426 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1]; *People* v. *Fosselman* (1983) 33 Cal.3d 572, 582 [189 Cal.Rptr. 855, 659 P.2d 1144]; *People* v. *Frierson* (1979) 25 Cal.3d 142, 163 [158 Cal.Rptr. 281, 599 P.2d 587].) Certified copies of the documents on file with the Secretary of State and the Commissioner of Corporations can be presented to the superior court under the applicable rules of evidence. (See Evid. Code, § 1530 et seq.) Trial counsel for appellant will have the opportunity to present his version of why he did not obtain copies of the documents before trial so that he could impeach Mr. Mosesian with the contents thereof. The trial court will be able to evaluate any prejudice to appellant if it determines that trial counsel did not provide effective representation. (*Pope, supra; Fosselman, supra.*)

The judgment is affirmed.

Martin, J., and Best, J., concurred.