Filed 2/14/23 Bennett v. Stockton Singles CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| DENNIS SHAWN BENNETT, | C093547 |
| Plaintiff and Appellant, | (Super. Ct. No. STK-CV-UNPI-2020-000-4510) |
| v. | |
| STOCKTON SINGLES, INC., | |
| Defendant and Respondent. | |

Dennis Shawn Bennett sued Stockton Singles, Inc. (Stockton Singles)—a nonprofit mutual benefit corporation—after being removed from its board of directors. He alleged that nearly two years before he filed suit the board's president held a secret meeting of the board without his knowledge, intentionally made false statements about him at the meeting, and convinced the attending directors to vote for his removal. Stockton Singles demurred, arguing, as relevant here, that Bennett's claims were time-

barred under Corporations Code[1] section 7341, subdivision (e)—a statute creating a one-year statute of limitations for "[a]ny action challenging an expulsion, suspension or termination of membership" from a nonprofit mutual benefit corporation. The trial court agreed and entered judgment dismissing all Bennett's claims.

On Bennett's appeal, we find the trial court improperly relied on section 7341. Section 7341, subdivision (e), by its plain terms, creates a one-year statute of limitations only for actions challenging "an expulsion, suspension or termination of membership" from a nonprofit mutual benefit corporation. It says nothing, however, about actions challenging a removal from a nonprofit mutual benefit corporation's board of directors—which is a distinct type of action and the type of action that Bennett brings here. Because we find the trial court relied on the wrong statute of limitations for these claims, and because we decline to address Stockton Singles' new argument raised for the first time on appeal, we will reverse the trial court's judgment to the extent it relied on section 7341.

## BACKGROUND

On May 28, 2020, Bennett sued Stockton Singles, which all parties agree is a nonprofit mutual benefit corporation.[2] According to the complaint, Stockton Singles held

---

[1] Undesignated statutory references are to the Corporations Code.

[2] Stockton Singles requests that we take judicial notice of its articles of incorporation to prove that it is a nonprofit mutual benefit corporation. Considering similar requests, several courts have taken judicial notice of these materials, reasoning that the articles of incorporation of a private entity are, once filed with the Secretary of State, "[o]fficial acts" of the Secretary of State within the meaning of Evidence Code section 452, subdivision (c). (See, e.g., *Jones v. Goodman* (2020) 57 Cal.App.5th 521, 528, fn. 6; *California Aviation Council v. County of Amador* (1988) 200 Cal.App.3d 337, 344, fn. 7; but see *People v. Thacker* (1985) 175 Cal.App.3d 594, 598.) We need not, however, address the propriety of taking judicial notice of these records. Because Bennett concedes that Stockton Singles is a nonprofit mutual benefit corporation, we deny the request as moot. (*Bear Creek Master Assn. v. Southern California Investors, Inc.* (2018) 28 Cal.App.5th 809, 815, fn. 5.)

a meeting of its board of directors in May 2018 without notifying Bennett and one other director, and, at the meeting, the attending directors voted to remove Bennett from the board. Bennett, among other things, alleged that the board's president and several other directors intended the meeting to be "secretive in order to manipulate the remaining board members" and that the president "use[d] fabricated and unjustified statements to warrant the Board's removal of [Bennett]." Bennett further alleged that these efforts proved successful—the attending directors believed these statements and voted to remove him from Stockton Singles' board and to expel him from its membership.

Bennett alleged 13 causes of action against Stockton Singles following his removal from the board: (1) breach of fiduciary duty, (2) bullying and harassment, (3) conspiracy to breach fiduciary duty, (4) civil collusion, (5) defamation, (6) fraudulent misrepresentation, (7) intentional infliction of emotional distress, (8) malfeasance, (9) preparing false evidence, (10) reckless misconduct, (11) violation of ultra vires doctrine, (12) violation of corporate bylaws, and (13) violation of "Bane Act." Bennett sought damages, a declaration that his removal from Stockton Singles' board was improper, and fees and costs.

Stockton Singles demurred to each of Bennett's causes of action. It contended Bennett's defamation claim was time-barred under Code of Civil Procedure section 340, subdivision (c)—which provides a one-year statute of limitations for actions for libel and slander—and that his remaining claims were time-barred under section 7341, subdivision (e)—which provides a one-year statute of limitations for actions challenging an expulsion from a nonprofit mutual benefit corporation's membership.

The trial court, over Bennett's objection that section 7341 was inapplicable, sustained the demurrer. Agreeing with Stockton Singles, it found Bennett's claims time-barred under Code of Civil Procedure section 340, subdivision (c) and section 7341, subdivision (e). The court later entered judgment dismissing all Bennett's claims.

Bennett timely appealed.

3

## DISCUSSION

Bennett contends the trial court wrongly found section 7341, subdivision (e)'s one-year statute of limitations covered his claims concerning his removal from Stockton Singles' board of directors. He reasons that this statute is inapplicable because it deals with expulsions from a nonprofit mutual benefit corporation's membership, not removals from a nonprofit mutual benefit corporation's board of directors. Stockton Singles, for its part, does not dispute this point. But it contends the trial court still reached the right result because the applicable statute of limitations, section 7527, provides an even shorter limitations period of only nine months. After considering sections 7341 and 7527, both of which deal with nonprofit mutual benefit corporations, we find reversal of the trial court's judgment necessary.

We start with section 7341. That statute provides, in relevant part: "Any action challenging an expulsion, suspension or termination of membership . . . must be commenced within one year after the date of the expulsion, suspension or termination." (§ 7341, subd. (e).) But as Bennett points out, his chief complaint is not about his expulsion from Stockton Singles' membership; it is instead about his removal from its board of directors—which is a distinct type of claim. Even Stockton Singles now acknowledges this distinction and drops its argument that section 7341 bars Bennett's claims concerning his removal from the board.[3]

We turn next to section 7527. It states: "An action challenging the validity of any . . . removal of a director or directors must be commenced within nine months after the . . . removal. If no such action is commenced, in the absence of fraud, any . . . removal of

---

[3] Bennett mentions his expulsion from Stockton Singles' membership in some of his causes of action, including his seventh and tenth causes of action. But the focus of his complaint, including his seventh and tenth causes of action, is that he was improperly removed from Stockton Singles' board.

4

a director is conclusively presumed valid nine months thereafter." Citing section 7527 for the first time on appeal, Stockton Singles contends this statute establishes a nine-month limitations period for actions challenging a director's removal. It then, quoting the statute's first sentence, asserts Bennett's claims are untimely because he filed his suit more than nine months after being removed from the board of directors.

While we agree section 7527's first sentence generally establishes a nine-month limitations period for actions challenging a director's removal, the statute's second sentence—which Stockton Singles neglects to mention—clarifies that this nine-month limitations period applies only "in the absence of fraud." And in this case, Bennett has alleged he was removed because of fraud. He alleged in his complaint, for instance, that Stockton Singles' president "knowingly presented false and misleading information as justification for [Bennett's] removal from the Board" and "was successful, as the Board believed the false information and voted for [Bennett's] removal." Bennett then asserted various causes of actions premised on this alleged conduct, including that Stockton Singles fraudulently obtained his removal from its board of directors.

In invoking section 7527, Stockton Singles never suggests that the allegations in Bennett's complaint are insufficient to support his claim of fraud. (See *People ex rel. Harris v. Pac Anchor Transportation, Inc.* (2014) 59 Cal.4th 772, 777 [at the demurrer stage, courts must accept as true all properly pleaded allegations in the complaint].) Nor, again, does it even acknowledge that section 7527's nine-month limitations period applies only "in the absence of fraud." Under these circumstances, we will not entertain Stockton Singles' belatedly raised, and hardly developed, new argument premised on section 7527. (See *Department of Corrections & Rehabilitation v. Workers' Comp. Appeals Bd.* (2018) 27 Cal.App.5th 607, 623 ["whether we will entertain a new theory raised for the first time on appeal is strictly a matter of discretion"].)

Because, in sum, we find the trial court improperly relied on section 7341, and because we decline to address Stockton Singles' new argument based on section 7527, we will reverse the trial court's judgment to the extent it relied on section 7341.

DISPOSITION

The judgment is affirmed as to the defamation cause of action. In all other respects, the judgment is reversed. Bennett is entitled to recover his costs on appeal. (Cal. Rules of Court, rule 8.278(a).)


/s/
BOULWARE EURIE, J.


We concur:


/s/
RENNER, Acting P. J.


/s/
EARL, J.


6